UNITED STATES DISTRICT COURT
EASTERN DISTICT OF MICHIGAN
SOUTHERN DIVISION

MARLETTE BARNES,
next friend and legal guardian
of Key'Asja McCaw,

                Plaintiff,        Case No. 12-10073
                                         Honorable Lawrence P. Zatkoff
             v.                      Magistrate Judge David R. Grand

COMMISSIONER OF,
SOCIAL SECURITY,
                Defendant.
_____/

## REPORT AND RECOMMENDATION TO GRANT DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT [6]

This action has been referred to the undersigned for determination of all non-dispositive motions pursuant to 28 U.S.C. §636(b)(1)(A) and issuance of a Report and Recommendation on all dispositive motions pursuant to 28 U.S.C. §636(b)(1)(B). Plaintiff's Complaint, filed on January 9, 2012, seeks judicial review of Defendant Commissioner's decisions on her underlying application for Supplemental Security Income Benefits and Disability Insurance Benefits. Defendant filed a Motion to Dismiss Plaintiff's Complaint for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1). [6]. For the reasons discussed below, the court recommends granting Defendant's motion.

## REPORT

### Defendant's Motion to Dismiss

Defendant Commissioner argues that this court lacks subject matter jurisdiction to consider Plaintiff's claims because the Appeals Council has not issued a "final decision" on her request for review of the Administrative Law Judge's ("ALJ") underlying decision denying her application for benefits. Plaintiff's response to Defendant's motion was due on or before

Monday, April 16, 2012. E.D. Mich. LR 7.1(e)(1). Plaintiff did not file a timely response to Defendant's motion. Accordingly, on April 24, 2012, this court issued an order [7] directing Plaintiff to file any response to Defendant's motion no later than April 27, 2012, and indicating that if Plaintiff did not file a response by that deadline, the Court may treat Defendant's motion as unopposed and/or deem the matter ready for immediate determination. To date, no response has been filed by Plaintiff.

**Analysis**

Plaintiff applied for Supplemental Security Income benefits on April 30, 2007. [1 at ¶8]. After Plaintiff's claim was denied initially, a hearing was held before an ALJ on August 16, 2010. (*Id.*). On August 23, 2010, the ALJ issued a decision denying Plaintiff's claim for benefits. (*Id.*). Plaintiff then filed a request for review of the ALJ's decision with the Appeals Council. (*Id.* at ¶9). On December 8, 2011, the Appeals Council issued a notice granting Plaintiff's request for review, and indicating that "[w]e ***plan to make a decision*** finding you became disabled on May 1, 2009." [6-1 at 24-27] (emphasis added). Thus, although the Appeals Council apparently plans to take action that is at least partly favorable to Plaintiff, contrary to her assertion, *see, e.g.*, Doc. #1 at ¶¶1-2, 4-5, its notice is not a "final decision" of the Commissioner. Indeed, the notice specifically indicates that the Appeals Council would not take any action on Plaintiff's appeal for at least thirty (30) days from the date of the notice, and that after the expiration of that period it would "then make [its] decision." [6-1 at 26-27].

Judicial review of Social Security Administration decisions is authorized by 42 U.S.C. § 405(g). That section "clearly limits judicial review to a particular type of agency action, a 'final decision of the Secretary made after a hearing.'" *Califano v. Sanders*, 430 U.S. 99, 108 (1977) (quoting 42 U.S.C. § 405(g)). Because the Appeals Council has not yet issued a final decision in

this matter, this court does not have subject matter jurisdiction over Plaintiff's complaint. *Id.*; *Duda v. Secretary of Health and Human Servs.*, 834 F.2d 554, 555 (6th Cir. 1987); *Manakee Professional Medical Transfer Service v. Shalala*, 71 F.3d 574, 577 (6th Cir. 1995); 42 U.S.C. §405(g); 20 C.F.R. §416.1481. Accordingly, Defendant's motion to dismiss should be granted. Fed. R. Civ. P. 12(b)(1).

**RECOMMENDATION**

For the foregoing reasons, the court RECOMMENDS that Defendant's Motion to Dismiss Plaintiff's Complaint [6] be GRANTED, and that Plaintiff's COMPLAINT BE DISMISSED WITHOUT PREJUDICE.

Dated: May 2, 2012  s/David R. Grand
Ann Arbor, Michigan  DAVID R. GRAND
 United States Magistrate Judge

**NOTICE**

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and Fed. R. Civ. P. 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505, 508 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir. 1981). The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *See Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. L.R. 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

**CERTIFICATE OF SERVICE**

       The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on May 2, 2012.

                                                s/Felicia M. Moses
                                                FELICIA M. MOSES
                                                Case Manager